### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DAN. D. | : | |
| | : | |
| v. | : | NO. 26-CV-739 |
| | : | |
| FRANK BISIGNANO, | : | |
| Commissioner of Social Security | : | |

**O P I N I O N**

SCOTT W. REID                                       DATE:  July 20, 2026
UNITED STATES MAGISTRATE JUDGE

Dan D. has brought this action under 42 U.S.C. §405(g) to obtain review of the decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB").  He has filed a motion for relief to which the Commissioner has responded.  For the reasons explained below, I recommend that relief be denied and judgment granted in favor of the defendant.

I.       *Factual and Procedural Background*

Dan D. was born on August 9, 1980.  Record at 249.  He worked for a time as a laborer, but has not worked since 2005.  Record at 28-29.  On September 12, 2023, Dan D. filed the present application for DIB, alleging disability since August 1, 2000.  Record at 249.  It appears that he has been a recipient of Supplemental Security Income ("SSI") since 2014.  Record at 53. He also previously applied for childhood disability benefits on the record of his deceased father, on the basis of mental illness and substance use disorders, but relief was denied by an Administrative Law Judge ("ALJ") on August 9, 2023, on the basis that his impairments were not disabling before he attained the age of 22.  Record at 158.

Dan D.'s application for DIB was denied on September 17, 2023, on the basis that he had not worked long enough to qualify for DIB benefits.  Record at 69.  It was denied again upon reconsideration, on November 14, 2023.  Record at 75.  Dan D. then requested a hearing *de novo* before an ALJ.  Record at 81.

A hearing before an ALJ was held in this matter on April 15, 2025.  Record at 22. However, in a written decision dated April 23, 2025, the ALJ denied benefits, again on the basis that Dan D. did not meet the insured status requirements for DIB.  Record at 16.  The Appeals Council denied review, permitting the ALJ's decision to stand as the decision of the Commissioner for Social Security.  Record at 1.  Dan D. then filed this action.

II.    *Legal Standards*

The role of this court on judicial review is to determine whether the Commissioner's decision is supported by substantial evidence.  42 U.S.C. §405(g); *Richardson v. Perales*, 402 U.S. 389 (1971); *Newhouse v. Heckler*, 753 F.2d 283, 285 (3d Cir. 1985).  Substantial evidence is relevant evidence which a reasonable mind might deem adequate to support a decision. *Richardson v. Perales*, *supra*, at 401.  A reviewing court must also ensure that the ALJ applied the proper legal standards.  *Coria v. Heckler*, 750 F.2d 245 (3d Cir. 1984); *Palmisano v. Saul*, Civ. A. No. 20-1628605, 2021 WL 162805 at *3 (E.D. Pa. Apr. 27, 2021).

In this case, the legal standard which controls is that, to qualify for DIB, a claimant must not only meet the disability requirements as set forth in the agency regulations, but must also meet the specified earnings requirements.  20 C.F.R. §404.315(a)(1).

The earnings requirement for a claimant who alleges disability before the age of 31 is that he or she must have quarters of coverage in at least half of the quarters between the one after he turns 21 and the quarter in which he becomes disabled.  20 C.F.R. §404.130(c).  If he becomes

disabled before age 24, he must have at least 6 covered quarters (meaning, 1 ½ years of work) in the 12-quarter (i.e., three-year) period ending with the quarter in which he becomes disabled. *Id*. at §404.130(c)(ii).

III.    *Discussion*

There does not appear to be any dispute that Dan D. has only five covered quarters in total, meaning that he has only worked for one year and a quarter. The ALJ wrote this in her decision. Record at 17, 28. Dan D. agreed to this at the hearing. *Id*. Similarly, in his letter brief in this case, dated February 20, 2026, he asserts that he had "5 Quarters Coverage." EDF. Doc. No. 9. Other earnings were attributed to Dan D.'s name and Social Security number in 2014, 2017, 2018, 2019, 2020, 2022 and 2023, but he disclaimed those wages as resulting from identity theft, and they were removed from his earnings record. Record at 18; 205-245.

As the ALJ explained in her decision, this was not enough to qualify him for DIB under his original alleged disabled date of August 1, 2000, when he was 20 years old, which required him to have 6 covered quarters. Record at 17. Nor was it enough work to qualify him for DIB under his amended alleged disabled date, at age 29. *Id*. It was on this basis that the ALJ denied benefits. Record at 18.

Dan D. does not dispute this analysis. In his Complaint, he states:

> The judge doesn't follow finding of facts and conclusion of law of a previous decision. She ignores the medical records evidence on SSA file and all this evidence that I am sending in the attached papers I already submitted before the appeal council. So they can review it, and they did not.

ECF Doc. 2 at ¶9. He attached records from the present case, and from his unsuccessful claim for Child's Insurance Benefits. *Id*. This can be construed as an argument that he was entitled to a finding of entitlement to DIB because he has been found disabled and receives SSI.

3

On February 20, 2026, Dan D. supplemented this with a letter-brief in which he simply restates some facts which are relevant to this application, such as where and when he worked, and the fact that he was denied child disability insurance.  ECF Doc. No. 9.  He confirms that he asserts disability before the age of 31 as a result of bipolar disorder and schizophrenia.  *Id*.  He does not challenge the ALJ's calculation of his covered quarters in this document, writing:  "the 5 Quarters Coverage are before the quarter that I turned age 24."  *Id*.

Finally, on May 29, 2026, Dan D. submitted a separate exhibit, an Application Summary generated by the state agency on February 4, 2014, as to which he observes that his alleged disabled date is set forth as November 21, 2011, which he claims is incorrect.  ECF Doc. No. 12.  This, however, is obviously from a much earlier, separate, application for DIB; it has nothing to do with the application in the present case, which was filed in 2023.

In summary, Dan D. has not come forward with any discernable basis for challenging the decision of the ALJ in this matter.  Accordingly, his filings, construed as a Request for Review, will be denied.

V.      *Conclusion*

In accordance with the above discussion, I conclude that the Plaintiff's Request for Review should be DENIED, and judgment entered in favor of the Commissioner.

BY THE COURT:

*/s/ Scott W. Reid*

_____
SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE

4